| | |
|---|---|
| 1 | Diana M. Torres (SBN 162284) |
| | diana.torres@kirkland.com |
| 2 | Yungmoon Chang (SBN 311673) |
| | yungmoon.chang@kirkland.com |
| 3 | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| 4 | Los Angeles, CA 90071 |
| | Telephone: (213) 680-8400 |
| 5 | Facsimile: (213) 680-8500 |

Attorneys for Plaintiff
AECOM ENERGY &
CONSTRUCTION INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., an Ohio Corporation, | CASE NO. 2:17-cv-05398 |
| | **DECLARATION OF TARA MCADAM KASSAL IN SUPPORT OF AECOM'S MOTION FOR PRELIMINARY INJUNCTION** |
| Plaintiff, | |
| v. | |
| JOHN RIPLEY *et al.*, | Complaint Filed Date: July 21, 2017 |
| Defendants. | Judge:          Hon. Ronald S. W. Lew |
| | Hearing Date: August 29, 2017 |
| | Time:           10:00 AM |
| | Courtroom:   1 |

I, Tara McAdam Kassal, hereby declare as follows:

1. I am Vice President Global Brand Strategy of AECOM. I have been employed by AECOM and its heritage companies ("AECOM") since 2010. My role at AECOM is to lead the development of brand positioning and building of brand equity to achieve market differentiation and foster competitive advantage for AECOM in the design, development, construction and investment of real estate and infrastructure assets in over 150 countries. I submit this declaration in conjunction with AECOM's Motion for Preliminary Injunction.

2. I have personal knowledge of all of the matters set forth in this declaration, and if called, could and would testify competently thereto.

3. AECOM invests considerable resources into building and maintaining our brand equity by carefully selecting construction projects and investments consistent with our reputation as a Fortune 500, $18-billion integrated, global firm. Part of building brand equity requires permeating a brand throughout all facets of company operations, from internal deliverables to employees, to consistent thematic messaging in external presentations. Numerous interactions affect brand equity, including office location and presentation, the tone and manner in which employees communicate with clients, the accuracy and themes of bidding presentations, the quality of deliverables for clients, and accountability to clients following project completion. The ability to control each of these factors is essential to building brand equity. The loss of control over these factors risks diluting and tarnishing our brand in a way that cannot be quantified.

4. Brand positioning and brand equity are paramount because they provide AECOM with a competitive advantage in the marketplace. AECOM leverages iconic projects from its heritage companies (i.e. companies that it has acquired or with which it has merged), including iconic projects from many decades ago, to differentiate itself from competitors by demonstrating its rich history of highly complex projects. AECOM regularly includes the Hoover Dam as one such iconic project, because one

of AECOM's heritage companies, Morrison Knudsen Corporation, was the lead contractor entrusted to building that monumental project.  AECOM lists the Hoover Dam and other Morrison Knudsen Corporation projects in many of its marketing and branding materials.  Indeed, AECOM features the Hoover Dam in a brochure entitled "25 Ways We've Changed the World" and on its website today.

5. In the construction industry, the ability to list such iconic projects is extraordinarily but incalculably valuable.  AECOM's ability to claim exclusive credit for its and its heritage companies' work on landmark projects like the Hoover Dam and many other Morrison Knudsen projects is essential to AECOM's competitive advantage because it allows AECOM to offer a unique identity and experience that sets it apart from competitors.  Indeed, a construction company's list of prior projects and experience is like a resume, and the accuracy of its list and the complexity and cache of its projects are critically important in bidding jobs because they are relied upon by governments, developers and other entities seeking to hire world class engineering and construction firms.

6. AECOM, through AECOM International Consultants, leverages working relationships with a global network of roughly 8,000 experts in nearly 140 countries. I have reviewed the press release attached as Exhibit 6 to the Declaration of Diana M. Torres in support of AECOM's Motion for Preliminary Injunction.  This press release indicates that "Morrison Knudsen" has been awarded a $1.2 billion construction and engineering contract by the Indonesian Infrastructure Partnership.  The entity that issued that press release claims to be AECOM's heritage company, Morrison Knudsen Corporation, but, in reality, is one of the Defendants in this action, and is not affiliated with AECOM.  This press release indicates that Defendants are competing (or attempting to compete) with us in the same global markets.  As reflected in the press release and throughout Defendants' website in general, Defendants are using AECOM's signature heritage projects to build the false perception that they have

capabilities and expertise that they do not actually possess in order to compete with AECOM and other world class engineering and construction firms.

7. In addition, Defendants' website (www.morrison-knudsen.com) indicates that Defendants are selling used construction equipment. AECOM does not offer used construction equipment for sale to the public, and, indeed, this type of commercial activity is wholly inconsistent with the world class brand that AECOM has developed. In offering such equipment on their website and claiming that they are Morrison Knudsen Corporation, Defendants are sullying AECOM's hard earned reputation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of July, 2017, at New York, New York.

*Tara Kassal*

Tara McAdam Kassal