Diana M. Torres (SBN 162284)
diana.torres@kirkland.com
Yungmoon Chang (SBN 311673)
yungmoon.chang@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff
AECOM ENERGY &
CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN RIPLEY, *et al.*,<br><br>Defendants. | CASE NO. 2:17-cv-05398-RSWL(SSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CIVIL CONTEMPT FOR VIOLATING THE PRELIMINARY INJUNCTION AND TO AWARD PLAINTIFF ITS COSTS AND FEES**<br><br>Complaint Filed Date: July 21, 2017<br><br>Judge: Hon. Ronald S. W. Lew<br>Hearing Date: December 5, 2017<br>Time: 10:00 AM<br>Courtroom: 1 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT......................................................................................................1

    A. Legal Standard .........................................................................................1

    B. Defendants' Continued Use of the "MK" Mark Violates This Court's Preliminary Injunction Order. ....................................................2

    C. Defendants Do Not Appear to Have Legally Amended Their Corporate Names......................................................................................4

    D. AECOM Should Be Awarded Its Fees and Costs for Having to File This Motion. ..............................................................................................4

III. CONCLUSION ..................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Intellectual Prop. II, L.P. v. Toll Free Yellow Pages Corp.*,
   No. CV 09-5707 PSG (PJWx), 2010 WL 11508795
   (C.D. Cal. Feb. 8, 2010) ................................................................................. 3

*Harcourt Brace Jovancovich Legal and Prof. Publ'ns, Inc. v.
   Multistate Legal Studies, Inc.*,
   26 F.3d 948 (9th Cir. 1994) ............................................................................ 2

*HM Elecs., Inc. v. R.F. Techs., Inc.*,
   No. 12-CV-2884-MMA (JLB), 2014 WL 12059031
   (S.D. Cal. Apr. 18, 2014) ............................................................................... 3

*Hook v. Ariz. Dep't of Corr.*,
   107 F.3d 1397 (9th Cir. 1997) ........................................................................ 2

*Maness v. Meyers*,
   419 U.S. 449 (1975) ....................................................................................... 1

*Perry v. O'Donnell*,
   759 F.2d 702 (9th Cir. 1985) .......................................................................... 4

*Rests. & Patisseries Longchamps, Inc. v. Longchamps, Inc.*,
   No. 5972-WM, 1947 WL 4003 (S.D. Cal. May 23, 1947) ............................. 3

## I. INTRODUCTION

This case arose from a remarkable fraud by Defendants to usurp the identity and goodwill of Morrison Knudsen Corporation ("MK"), whose goodwill and associated intellectual property rights Plaintiff AECOM Energy & Construction, Inc. ("AECOM") rightfully acquired. After filing a Complaint, AECOM moved for a preliminary injunction, asking this Court to enjoin Defendants from, among other activities, "any further use of Morrison Knudsen or any confusingly similar name." Dkt. 12 at 2. On September 28, 2017, this Court granted AECOM's motion for preliminary injunction and enjoined Defendants from, among other actions, "making any statement or representation or performing any act likely to lead members of the public that the business Defendants operate . . . is . . . authorized or approved by Plaintiff and the MK brand." Dkt. 45 ("P.I. Order") at 27. This Court also ordered Defendants to file declarations attesting to their compliance within 21 days after AECOM posted the required bond.

Defendants have not complied. Instead, nine (9) days after the Court's deadline, Defendants filed declarations stating that they have changed their corporate name to MK, the well-established acronym for Morrison Knudsen. And, although they claim to have filed the required forms to change their corporate names, the Nevada Secretary of State has no record of such changes. In light of Defendants' blatant non-compliance with the Court's P.I. Order, AECOM moves for an order granting Plaintiff's Motion to Hold Defendants in Civil Contempt for Violating the Preliminary Injunction and to Award Plaintiff Its Costs and Fees.

## II. ARGUMENT

### A. Legal Standard

"All orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975) (internal citations and quotations omitted) ("[A]bsent a stay, [defendant] must comply promptly with the order pending appeal . . . until it is reversed by orderly and proper proceedings."). The district court

has broad discretion in making a determination by clear and convincing evidence that a party has violated a court's order. *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997). If the court finds a party in contempt, the court may also use its discretion to award attorneys' fees to the moving party. *Harcourt Brace Jovancovich Legal and Prof. Publ'ns, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994).

### B. Defendants' Continued Use of the "MK" Mark Violates This Court's Preliminary Injunction Order.

The Court's P.I. Order was comprehensive and clear: Defendants were enjoined from passing themselves off as MK. Specifically, the Court's P.I. Order states that Defendants are enjoined from:

> a) using, displaying, or otherwise exploiting the MK trademarks . . . in connection with the advertising, distribution, display, sale, or offering for sale of any products or services;
>
> . . .
>
> c) making any statement or representation or performing any act likely to lead members of the public to believe that the business Defendants operate at 2049 Century Park East, Suite 3850, Los Angeles, California 90067 is in any manner, directly or indirectly, associated, affiliated or connected with, or licensed, sponsored, authorized or approved by Plaintiff and the MK brand;
>
> d) conducting business, including selling any product or service, under the [corporate Defendants' names,] or any other related entities.

Dkt. 45 at 27.

Where the crux of the issue is a likelihood of confusion, courts have found defendants in contempt when defendants chose to "comply" by selecting a new name that was nonetheless confusingly similar to the name expressly prohibited by a preliminary injunction. For example, a court held defendants in contempt where a preliminary injunction barred defendants from keeping the restaurant name "Longchamps," and defendants changed the restaurant name to "Longshires":

2

> The word Longshires is merely a colorable variation of the word Longchamps, and it is confusingly similar under the circumstances here to the name Longchamps, and was intended by the defendants to be confusingly similar and to be such as to continue the deception of the public heretofore effected by the unwarranted use by defendants of the plaintiff's name Longchamps.

*Rests. & Patisseries Longchamps, Inc. v. Longchamps, Inc.*, No. 5972-WM, 1947 WL 4003, at *4 (S.D. Cal. May 23, 1947); *see also AT&T Intellectual Prop. II, L.P. v. Toll Free Yellow Pages Corp.*, No. CV 09-5707 PSG (PJWx), 2010 WL 11508795, at *2–3, 5 (C.D. Cal. Feb. 8, 2010) (holding defendants in contempt because, among other actions, defendants "continued to use marks that are confusingly similar to AT&T's marks, including use of a 'walking fingers' image" where AT&T had a "walking fingers" mark); *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-CV-2884-MMA (JLB), 2014 WL 12059031 (S.D. Cal. Apr. 18, 2014) (finding defendants in contempt where defendants used mark "substantially similar" to plaintiff's "HME" trademark).

Defendants' actions in response to the Court's order are far more contemptuous than those of the defendants in *Longchamps*. Defendants chose to amend their corporate names to MK Corporation, MK Company Inc., MK Services Inc., and MK International Inc., and continue to do business under these names. Dkt. 62 ("Johnson Decl.") ¶¶ 5, 7–10 (directing staff to contact "all vendors, suppliers, customers and creditors and inform them of the change of names," changing "[a]ll of the outgoing messages on company voicemail systems," instructing "[e]ach company employee" to "use MK instead," and directing accounting "to change all letterhead and invoices to reflect the name changes").[1] In this context, however, the name "MK" is not a name unaffiliated with MK and the MK brand. Indeed, as the record reflects, MK has been widely recognized by the construction industry and by Defendants as an abbreviation for Morrison Knudsen. For example, a 1954 Time article, submitted in connection

---

[1] Mike Johnson states in his declaration that he is a "corporate officer of each Defendant." Dkt. 62 ¶ 2. But he is not listed in any of the Defendants' most recent annual lists of officers and directors. Dkt. 19, Ex. 1 at 78–79, Ex. 2 at 103–04, Ex. 3 at 126–27, Ex. 4 at 151.

3

with Plaintiff's Motion for Preliminary Injunction, refers to Morrison Knudsen as "MK" and "M-K." Dkt. 13-1 (Szurgot Decl.), Ex. A.  In addition, both the parties and this Court referred to Morrison Knudsen as "MK" throughout the preliminary injunction briefing.  And, tellingly, Defendants referred to themselves as "MK." *See, e.g.*, Dkt. 13-6, Ex. C at 41 (depicting the "About MK" page).  By now carrying on their business as MK, Defendants are continuing to associate themselves with the MK brand.

Such a blatant attempt to continue passing themselves off as MK easily satisfies the clear and convincing standard required to hold Defendants in contempt.

### C. Defendants Do Not Appear to Have Legally Amended Their Corporate Names.

Defendants also appear not to have made any official name change, despite their express statements under penalty of perjury that they did so.  In their declarations, Defendants claim to have amended their corporate names.  As of November 27, 2017, the Nevada Secretary of State website does not show a single Certificate of Amendment filed for any of the corporate Defendants, and the Nevada Secretary of State represents that it does not have any of Defendants' purported Certificates of Amendment on file.  Declaration of Yungmoon Chang ("Chang Decl.") ¶¶ 3–4; *id.* ¶ 3, Ex. 1.  AECOM asked Defendants for proof that they filed their Certificates of Amendment, but they failed to provide it.  In light of the fact that the Nevada Secretary of State's records show no amendments in direct contravention to the statements under penalty of perjury in Defendants' declarations, Defendants should be held in contempt for failing to comply with this Court's P.I. Order.

### D. AECOM Should Be Awarded Its Fees and Costs for Having to File This Motion.

This Court should award AECOM its fees and costs incurred by the preparation and filing of this motion.  District courts have discretion to award attorneys' fees to the moving party, and may do so even when the contempt is not "willful."  *Perry v.*

*O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) ("[T]he trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure.").

Defendants' conduct in this case satisfies even a willful standard. This Court's P.I. Order enjoined Defendants from "any further use of Morrison Knudsen or any confusingly similar name." Dkt. 12 at 2. Defendants chose to use a name widely recognized as an abbreviation for Morrison Knudsen. And Defendants chose to do so despite AECOM, Defendants, this Court, and independent third parties having expressly used that abbreviation. When AECOM, prior to filing this motion, brought these facts to their attention, Defendants did not respond. Defendants' continued use of an abbreviation that it publicly used to refer to itself on its website is antithetical to the purpose of the Court's P.I. Order: to enjoin Defendants from passing themselves off as MK. Instead, Defendants continue to do business with vendors, suppliers, customers, and creditors, under the MK name.

In addition, Defendants do not appear to have taken even the inadequate steps that they swore under penalty of perjury that they did: file with the Nevada Secretary of State the Certificates of Amendment effectuating name changes. AECOM, prior to filing this motion, brought these facts to Defendants' attention and asked for evidence that the Certificates of Amendment were filed. Chang Decl. ¶ 5. Defendants acknowledged receipt of the email, but did not refute these facts or provide any evidence that they took the actions in their declarations. *Id.*

For these reasons, this Court should award AECOM its costs and fees in an amount to be determined by declaration after the Court's decision on the motion. Such an award should include all costs and fees incurred by preparing and filing all documents relating to the Motion to Hold Defendants in Civil Contempt for Violating the Preliminary Injunction and to Award Plaintiff Its Costs and Fees, including any costs and fees incurred by reviewing an Opposition and preparing and filing a Reply, if needed.

### III. CONCLUSION

For the foregoing reasons, this Court should hold Defendants in civil contempt for violating this Court's Preliminary Injunction Order and award AECOM its costs and fees associated with bringing this motion.

DATED: November 28, 2017          Respectfully submitted,


/s/ Diana M. Torres
Diana M. Torres

*Attorney for Plaintiff*
AECOM ENERGY &
CONSTRUCTION, INC.