O

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., | 2:17-cv-05398-RSWL-SS |
| Plaintiff, | **ORDER RE: PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES** [64] |
| v. | |
| JOHN RIPLEY; TODD HALE; GARY TOPOLEWSKI; HENRY BLUM; BUD ZUKALOFF; MORRISON KNUDSEN CORPORATION; MORRISON-KNUDSEN COMPANY, INC.; MORRISON-KNUDSEN SERVICES, INC.; and MORRISON-KNUDSEN INTERNATIONAL INC., | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Currently before the Court is Plaintiff AECOM Energy & Construction, Inc.'s ("Plaintiff") Request for Attorneys' Fees in connection with its Motion for Civil Contempt ("Request"). Having reviewed all papers submitted pertaining to this Request, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS**

Plaintiff's Request in full and awards Plaintiff the $21,815.80 in attorneys' fees incurred in connection with its Motion for Civil Contempt.

## I. BACKGROUND

On September 28, 2017, the Court granted Plaintiff's Motion for Preliminary Injunction [45]. Defendants Morrison Knudsen Corporation, Morrison-Knudsen Company, Inc., Morrison-Knudsen International Inc., Morrison-Knudsen Services, Inc., and Gary Topolewski (collectively, "Defendants") filed their sworn affidavits regarding compliance with the preliminary injunction on November 9, 2017, nine days past the Court's twenty-one-day deadline. See ECF Nos. 62, 63.

On November 28, 2017, Plaintiff filed a Motion for Civil Contempt [64], arguing that Defendants failed to fully comply with the Court's preliminary injunction Order. The Court granted Plaintiff's Motion for Civil Contempt on January 11, 2018. See Order re Mot. for Civil Contempt 9 ("Order"), ECF No. 86. In the Order, the Court granted Plaintiff's request for attorneys' fees incurred in connection with the filing of the Motion for Civil Contempt. Id. at 12:25-13:2. The Court gave Plaintiff until January 26, 2018 to submit a supplemental filing detailing the amount of attorneys' fees requested. Id. at 13:15-20. Plaintiff timely submitted the supplemental filing [92]. The Court gave Defendants until February 2, 2018 to file an opposition

to Plaintiff's supplemental filing. Id. at 13:20-21. Defendants failed to file any opposition. On February 6, 2018, Plaintiff filed its Reply, noting Defendants' failure to file an opposition. Pl.'s Reply in Supp. of Suppl. Filing, ECF No. 95.

## II. DISCUSSION

### A. Legal Standard

"[A]ttorneys' fees in a civil contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to enforce compliance." Abbott Labs. v. Unlimited Beverages, Inc., 218 F.3d 1238, 1242 (11th Cir. 2000). Courts employ the "lodestar method" to determine the reasonableness of the requested attorneys' fees. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)(citation and quotes omitted).

### B. Analysis

Plaintiff seeks fees for work done at the following rates: partner Diana Torres at a rate of $892 per hour, associate Yungmoon Chang at a rate of $554, and paralegal Keith Catuara at a rate of $334. Decl. of Yungmoon Chang ("Chang Decl.") ¶ 5, ECF No. 92. Plaintiff does not provide any evidence to support the reasonableness of these hourly rates, but Defendants

did not object to such rates.  Further, while on the higher end, these rates are in line with rates courts in the Central District have previously approved.  See Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *20 (C.D. Cal. Mar. 24, 2015), aff'd, 847 F.3d 657 (9th Cir. 2017)(approving partner rate between $825 and $930, associate rate between $350 and $690, and paralegal rate between $240 and $345); Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd., No. CV 11-303 PSG (PLAX), 2015 WL 13081297, at *3 (C.D. Cal. Jan. 21, 2015)(approving partner rate of $886.50 and associate rate of $540).  Accordingly, the Court finds the hourly rates are reasonable and consistent with comparable market rates.

Plaintiff's counsel also submitted a spreadsheet showing the time entries related to Plaintiff's Motion for Civil Contempt.  See Chang Decl., Ex. A. Plaintiff's counsel billed a total of 36.90 hours in conjunction with Plaintiff's Motion for Civil Contempt. Id. ¶ 5.  Again, Defendants have not objected to Plaintiff's supplemental filing.  The Court has reviewed Plaintiff's counsel's billing records, which primarily include time entries for meeting and conferring with defense counsel and researching and drafting the Motion for Civil Contempt, and finds the time entries to be reasonable.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS**

Plaintiff's Request and awards Plaintiff $21,815.80 in attorneys' fees related to Plaintiff's Motion for Civil Contempt.  Defendants are **ORDERED** to pay Plaintiff the fee award within twenty-one days of the issuance of this Order.

**IT IS SO ORDERED.**

DATED: February 16, 2018        s/RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge