O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN RIPLEY; TODD HALE; GARY TOPOLEWSKI; HENRY BLUM; BUD ZUKALOFF; MORRISON KNUDSEN CORPORATION; MORRISON-KNUDSEN COMPANY, INC.; MORRISON-KNUDSEN SERVICES, INC.; and MORRISON-KNUDSEN INTERNATIONAL INC., <br><br> Defendants. | 2:17-cv-05398-RSWL-SS <br><br> **ORDER RE: PLAINTIFF'S MOTION FOR FURTHER CIVIL CONTEMPT** [103] |

Currently before the Court is Plaintiff AECOM Energy and Construction, Inc.'s ("Plaintiff") Motion for Further Civil Contempt ("Motion") [103]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part** and **DENIES in part** Plaintiff's

Motion.

## I. BACKGROUND

On July 21, 2017, Plaintiff filed its Complaint [1]. Plaintiff then filed a Motion for Preliminary Injunction on August 1, 2017 [11]. The Court granted Plaintiff's Motion for Preliminary Injunction on September 28, 2017 [45].

On November 9, 2017, Defendants Morrison Knudsen Corporation, Morrison Knudsen Company, Inc., Morrison Knudsen Services, Inc., and Morrison Knudsen International Inc. (collectively, "Defendants") filed the Declaration of Mike Johnson [62], outlining their compliance with the Court's Preliminary Injunction Order. According to Mr. Johnson's Declaration, he directed his staff to change the name of each corporate defendant to MK instead of Morrison Knudsen. Decl. of Mike Johnson re Compliance ¶¶ 4-5, ECF No. 62.

On November 28, 2017, Plaintiff filed its first Motion for Civil Contempt [64]. The Court granted Plaintiff's first Motion for Civil Contempt on January 11, 2018 and ordered Defendants to change the names of their corporate entities to comply with the Court's Preliminary Injunction Order. Order re Pl.'s Mot. for Civil Contempt 13:7-10, ECF No. 86. The Contempt Order also ordered Defendants to pay a daily fine of $500 until Defendants filed an affidavit outlining their compliance with the Court's Contempt Order. Id. at 13:10-14.

On January 12, 2018, Defendants filed an affidavit informing the Court that they had filed certificates of amendment changing their corporate names to Majestic Corporation, Majestic Company Inc., Majestic Services Inc., and Majestic International Inc. Decl. of Mike Johnson in Supp. of Defs.' Opp'n to Pl.'s Mot. for Contempt ("Johnson Decl.") ¶ 5, ECF No. 107-1. While the Nevada Secretary of State approved Majestic Services Inc., on February 1, 2018, Defendants received rejections from the Nevada Secretary of State for the other three names due to unavailability. Id. ¶ 6.

After Plaintiff filed supplemental briefing regarding its attorneys' fees incurred in connection with Plaintiff's first Motion for Civil Contempt, the Court granted Plaintiff's request for attorneys' fees on February 16, 2018 and ordered Defendants to pay Plaintiff $21,815.80 within twenty-one days.[1] Order re Pl.'s Req. for Att'ys' Fees 4:28-5:5, ECF No. 97.

On February 23, 2018, Defendants faxed certificates of amendment to the Nevada Secretary of State changing Morrison Knudsen Corporation to International Majestic Corporation, Morrison Knudsen Company, Inc. to

---

[1] Defendants did not pay Plaintiff the fee award within the twenty-one-day deadline. Plaintiff's counsel contacted Defendants' counsel after the deadline passed, and Defendants' counsel responded that Defendants were unable to pay the fee award. Decl. of Yungmoon Chang in Supp. of Pl.'s Mot. for Contempt ("Chang Decl.") ¶ 10, Ex. 6 at 41, ECF No. 105. To date, Defendants still have not paid Plaintiff the fee award or provided a reason for failing to do so.

International Majestic Company Inc., and Morrison Knudsen International Inc. to International Majestic Inc. Johnson Decl. ¶ 7, Ex. C. After not receiving any word from the Nevada Secretary of State, on March 8, 2018, Mr. Johnson contacted the Secretary of State, which informed Mr. Johnson that it had not received the name change requests. Id. ¶ 8. Defendants then resent the certificates of amendment to the Nevada Secretary of State on March 12, 2018. Id. ¶ 9. On March 22, 2018, Defendants received the Nevada Secretary of State's denial of these name changes due to unavailability. Id. ¶ 10.

On March 26, 2018, Defendants submitted certificates of amendment changing Morrison Knudsen Corporation to Northern Majestic Corporation, Morrison Knudsen Company, Inc. to Northern Majestic Company Inc., and Morrison Knudsen International Inc. to Northern Majestic International Inc. Id. ¶ 11, Ex. F. The Nevada Secretary of State accepted the name change of Morrison Knudsen International Inc. to Northern Majestic International Inc. on March 29, 2018, but rejected the other two name changes. Pl.'s Reply in Supp. of Mot. for Contempt ("Reply") 4:12-14, ECF No. 108.

On March 27, 2018, Plaintiff filed the instant Motion [103]. On April 4, 2018, the day after Defendants filed their Opposition [107] to Plaintiff's Motion, Defendants filed certificates of amendment for

the remaining two corporate Defendants. Second Decl. of Mike Johnson in Supp. of Defs.' Opp'n ("Second Johnson Decl.") ¶ 4, ECF No. 115. On April 10, 2018, Defendants received confirmation that Morrison Knudsen Corporation was changed to Goodbrand Corporation and Morrison Knudsen Company, Inc. was changed to Goodbrand Company Inc. Id. ¶ 5, Ex. B.

On April 17, 2018, one week after filing its Reply [108] in support of its Motion, Plaintiff filed the Supplemental Declaration of Yungmoon Chang [114] providing new evidence to the Court in support of Plaintiff's Motion. This new evidence included a website allegedly created by Defendants, which mirrored the website the Court previously ordered Defendants to take down.[2] Chang Suppl. Decl. ¶ 10. Defendants then responded on April 20, 2018 with the Second Declaration of Mike Johnson [115] in support of Defendants' Opposition to Plaintiff's Motion. Mr. Johnson declared that he was not aware of the morrison-knudsen.net website but that he had Defendants' IT department take the website down on April 17, 2018. Second Johnson Decl. ¶ 6.

///
///

---

[2] The new website is www.morrison-knudsen.net, while the website the Court ordered Defendants to take down was www.morrison-knudsen.com. Suppl. Decl. of Yungmoon Chang ("Chang Suppl. Decl.") ¶ 3, Ex. A, ECF No. 114.

5

## II. DISCUSSION

**A.  Legal Standard**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966). Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were unable to comply." Stone v. City & Cty. of S.F., 968 F.2d 850, 856 n.9 (9th Cir. 1992) (citations omitted).

A person should not be held in contempt if his action "appears to be based on a good faith and reasonable interpretation of the [court's order]." Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982).  "[C]ivil contempt may be established even though the failure to comply with the court order was unintentional." Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985).  A showing of willfulness is not a necessary element for civil contempt because while the purpose of criminal contempt is punishment, the purpose of civil contempt

is remedial.  Id.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).  Accordingly, there are two types of civil contempt sanctions: compensatory and coercive. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983).  "Compensatory sanctions are intended to compensate the aggrieved party for 'actual loss' resulting from the contemnor's noncompliance." HM Elecs., Inc. v. R.F. Techs., Inc., No. 12-CV-2884-MMA (JLB), 2014 WL 12059031, at *3 (S.D. Cal. Apr. 18, 2014)(citing In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1366 (9th Cir. 1987)).  Coercive sanctions are "intended to coerce the contemnor to comply with the court's orders in the future."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1481 (9th Cir. 1992).

**B.  Analysis**

    1.  Civil Contempt

        a.  *Failure to Change Corporate Names*

To succeed on its Motion, Plaintiff must first prove by clear and convincing evidence that Defendants violated the Court's Order.  See In re Dual-Deck, 10 F.3d at 695.  In its Motion, Plaintiff argues that Defendants have not complied with the Court's

7

Preliminary Injunction Order because two of the corporate Defendants continue to use the Morrison Knudsen name. However, this is no longer true; none of the corporate Defendants currently use the Morrison Knudsen name.[3] Accordingly, Defendants are in compliance with that particular directive in the Court's Preliminary Injunction Order.

It should be noted, however, that Defendants' delay in complying with the Court's Orders regarding changing the corporate Defendants' names was inappropriate. While Defendants may have needed to wait to hear back from the Nevada Secretary of State regarding whether Defendants' name changes were accepted, Defendants fail to provide any reason for the two separate five-week delays between the Nevada Secretary of State rejecting the name change requests and Defendants filing subsequent name change requests.[4] It took Defendants over six months to change the names of all four of the

---

[3] Defendants changed Morrison Knudsen Services, Inc. to Majestic Services Inc. on January 29, 2018. Chang Decl. ¶ 8, Ex. 4 at 5. Morrison Knudsen International Inc. became Northern Majestic International Inc. on March 29, 2018. Reply 4:12-14. On April 10, 2018, Defendants received confirmation that Morrison Knudsen Corporation was changed to Goodbrand Corporation and Morrison Knudsen Company, Inc. was changed to Goodbrand Company Inc. Second Johnson Decl. ¶ 5, Ex. B.

[4] Defendants received rejections from the Nevada Secretary of State on December 5, 2017 and waited until January 12, 2018, after the Court granted Plaintiff's first Motion for Civil Contempt, to file revised certificates of amendment. Defendants again received rejections from the Nevada Secretary of State on February 1, 2018 and waited until March 12, 2018 to file revised certificates of amendment.

corporate Defendants.[5] Such delay does not sit well with the Court, and future unexplained delays will not be easily forgiven. Ultimately, because Defendants have changed their corporate names to no longer include Morrison Knudsen, they are not in contempt of that portion of the Court's Preliminary Injunction Order. The Court **DENIES** Plaintiff's Motion as to this instance of alleged contempt.

        b. *Defendants' Websites*

Plaintiff also provides evidence of two instances of contempt regarding Defendants' use of websites related to the Morrison Knudsen brand. The first instance involves one subpage of morrison-knudsen.com, http://morrison-knudsen.com/author/admin/, which was still active as of mid-March. See Chang Decl. ¶ 12, Ex. 7. According to Mr. Johnson's Declaration, he was unaware this subpage was still active and such page could only be accessed by typing the exact subpage address into the address bar. Johnson Decl. ¶ 14. Mr. Johnson has since had the page removed. Id. "If a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertant [sic] violations of the order will not support a finding of civil contempt." Gen. Signal Corp., 787 F.2d at 1379 (citations omitted). Here, Defendants

---

[5] Of note, Plaintiff had to file two motions for contempt before Defendants finally changed all four of the corporate Defendants' names.

9

substantially complied with the Court's Order to take down the morrison-knudsen.com website, so this technical violation, which includes one subpage of a website, cannot alone support a finding of civil contempt.

The second instance involves an entire website similar in look and form to the website Defendants previously utilized, morrison-knudsen.com.  Plaintiff discovered this new website, morrison-knudsen.net, just days after filing its Reply in support of its Motion, and Plaintiff subsequently filed the Supplemental Declaration of Yungmoon Chang to inform the Court of this new evidence.  The website essentially serves the exact same purpose as Defendants' prior website—outlining the history of the Morrison Knudsen brand, offering for sale construction equipment with the Morrison Knudsen mark, and holding themselves out as Morrison Knudsen.  <u>See</u> Chang Suppl. Decl., Ex. A.  Such a website is a blatant and egregious violation of the Court's Preliminary Injunction Order, which specifically prohibited Defendants from using a Morrison Knudsen domain name and "making any statement . . . likely to lead members of the public to believe . . . Defendants . . . [are] associated . . . [with] the MK brand."  Order re Pl.'s Mot. for Prelim. Inj. 27:8-19, ECF No. 45.

In response to Plaintiff's newly discovered evidence, Defendants filed the Second Declaration of

Mike Johnson, in which Mr. Johnson testified that he was unaware of the morrison-knudsen.net website prior to Plaintiff bringing it to the Court's attention. Second Johnson Decl. ¶ 6. Nonetheless, Mr. Johnson instructed Defendants' IT department to take down the website, which now currently states "under construction." Id. The Court finds it highly suspect that Defendants were not aware of the morrison-knudsen.net website when Mr. Johnson was able to so easily have Defendants' IT department take down the website. However, the website is no longer active, and Plaintiff has not offered any further evidence of contempt with regard to any Morrison Knudsen-related website that Defendant operates. Therefore, there is no clear and convincing evidence that Defendants are *currently* in contempt of the section of the Court's Preliminary Injunction Order covering a Morrison Knudsen website. See also Buildex Inc. v. Kason Indus., Inc., 849 F.2d 1461, 1463 (Fed. Cir. 1988) ("Although not susceptible to precise definition, clear and convincing evidence has been described as evidence which produces in the mind of the trier of fact an abiding conviction that the truth of [the] factual contentions are highly probable." (internal quotation marks and quotation omitted)). The Court **DENIES** Plaintiff's Motion related to contempt based on Defendants' websites. Defendants are warned that any further issues with Morrison Knudsen-related websites

that are so clearly in violation of the Court's Preliminary Injunction Order may result in harsh contempt sanctions, including, as Plaintiff requests, the striking of Defendants' Answer.

          c.   *Failure to Pay Attorneys' Fees*

Finally, Plaintiff argues that Defendants have failed to pay the attorneys' fees the Court awarded Plaintiff in connection with Plaintiff's first Motion for Contempt. Mot. 3:20-25. On February 16, 2018, the Court awarded Plaintiff $21,815.80 in attorneys' fees and gave Defendants twenty-one days to make the payment to Plaintiff. Order re Pl.'s Req. for Att'ys' Fees 4:28-5:5. Following the expiration of this twenty-one-day deadline, before which Defendants did not make the payment to Plaintiff, Plaintiff's counsel contacted Defendants' counsel and Defendants' counsel indicated that Defendants did not have the ability to pay. Chang Decl. ¶ 10, Ex. 6 at 41. However, in their Opposition, Defendants do not make any argument regarding their ability to pay the attorneys' fees award. The only argument they offer is that finding Defendants in contempt is not the proper remedy; instead, Plaintiff should have the award reduced to a judgment. Opp'n 6:19-21.

First, "[u]se of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment." <u>Cleveland Hair Clinic, Inc. v. Puig</u>, 106 F.3d 165, 166 (7th Cir.

1997). Sanctions for misconduct include attorneys' fees incurred by the moving party in obtaining the contempt finding, and therefore, the Court can use its contempt power to enforce its prior award of attorneys' fees. See S.E.C. v. Amerifirst Funding, Inc., No. 3:07-CV-1188-D, 2008 WL 5191896, at *4 (N.D. Tex. Dec. 11, 2008).

Second, Defendants have failed to prove they are unable to pay the attorneys' fee award. "[T]he burden is on the party against whom contempt is sought to show 'categorically and in detail' why the party is unable to pay." Facebook, Inc. v. Power Ventures, Inc., No. 08-CV-05780-LHK, 2017 WL 3394754, at *10 (N.D. Cal. Aug. 8, 2017) (quoting NLRB v. Trans Ocean Exp. Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973)). Defendants have provided no evidence, or even argument, for their inability to pay the award of attorneys' fees. Accordingly, the Court **GRANTS** Plaintiff's Motion related to Defendants' failure to pay the attorneys' fee award.

2. Sanctions

Where a court finds a party in contempt, the court has discretion to impose sanctions. See Gen. Signal Corp., 787 F.2d at 1380. A district court "may assess attorneys' fees . . . as part of the fine to be levied on the defendant." Donovan v. Burlington N., Inc., 781 F.2d 680, 682 (9th Cir. 1986) (internal citation omitted). Attorneys' fees, "the cost of bringing the

13

violation to the attention of the court[, are] part of the damages suffered by the prevailing party" and are thus a compensatory sanction. Cook v. Ochsner Found. Hosp., 559 F.2d 270, 272 (5th Cir. 1977). Attorneys' fees and costs may be awarded to the moving party even if the non-moving party's failure to comply with the injunction was not willful. See Perry, 759 F.2d at 705.

Plaintiff requests that the Court award Plaintiff its attorneys' fees and costs incurred in filing the instant Motion. It ultimately took Defendants six months to comply with the Court's Preliminary Injunction Order, which required Defendants to remove Morrison Knudsen from their corporate names. Such compliance only occurred after Plaintiff filed two separate contempt motions. Further, Plaintiff tried to meet and confer with Defendants regarding Defendants' failure to pay the court-ordered attorneys' fees award, and Defendants offered nothing other than stating that they could not pay the award, an argument they abandoned upon responding to Plaintiff's Motion. Plaintiff therefore had no choice but to file another contempt motion. Defendants' litigation tactics and frequent refusal to comply with the Court's orders have increased Plaintiff's costs of litigation. See Henry Schein, Inc. v. Certified Bus. Supply, Inc., No. SA CV 03-1662 DOC, 2008 WL 9452685, at *9 (C.D. Cal. Aug. 20, 2008) ("[I]t is important that [the defendant] realize

the substantial legal expenses [the plaintiff] has incurred in order to enforce the Injunction."). Accordingly, the Court **GRANTS** Plaintiff's request for its attorneys' fees incurred in filing the instant Motion.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion. Plaintiff's counsel is **ORDERED** to submit a supplemental filing, including declarations, setting forth the amount of attorneys' fees and costs Plaintiff incurred in filing the instant Motion. These papers shall be submitted no later than Friday, May 18, 2018. Defendants may then file an opposition to Plaintiff's supplemental filing by May 25, 2018, and Plaintiff may file a reply in support of its filing by June 1, 2018. Upon receiving these papers, the Court will determine what amount of fees and costs is reasonable.

**IT IS SO ORDERED.**

DATED: May 10, 2018         s/ RONALD S.W. LEW

                                      **HONORABLE RONALD S.W. LEW**
                                      Senior U.S. District Judge