**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., | ) ) 2:17-cv-05398-RSWL-SS |
| Plaintiff, | ) ) **ORDER RE: PLAINTIFF'S** |
| v. | ) **REQUEST FOR ATTORNEYS'** ) **FEES** [124] ) |
| JOHN RIPLEY; TODD HALE; GARY TOPOLEWSKI; HENRY BLUM; BUD ZUKALOFF; MORRISON KNUDSEN CORPORATION; MORRISON-KNUDSEN COMPANY, INC.; MORRISON-KNUDSEN SERVICES, INC.; and MORRISON-KNUDSEN INTERNATIONAL INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Currently before the Court is Plaintiff AECOM Energy & Construction, Inc.'s ("Plaintiff") Request for Attorneys' Fees ("Request") [124] in connection with its Motion for Further Civil Contempt ("Motion for Further Contempt"). Having reviewed all papers submitted pertaining to this Request, the Court **NOW**

**FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Request in full and awards Plaintiff the $32,874.00 in attorneys' fees incurred in connection with its Motion for Further Contempt.

## I. BACKGROUND

Plaintiff filed a Motion for Preliminary Injunction [11] on August 1, 2017, which the Court granted on September 28, 2017 [45]. On November 28, 2017, Plaintiff filed its first Motion for Contempt [64]. The Court granted Plaintiff's first Motion for Contempt on January 11, 2018 and ordered Defendants Morrison Knudsen Corporation, Morrison-Knudsen Company, Inc., Morrison-Knudsen International Inc., Morrison-Knudsen Services, Inc., and Gary Topolewski (collectively, "Defendants")[1] to change the names of their corporate entities to comply with the Court's Preliminary Injunction Order. Order re Mot. for Civil Contempt ("Order re First Mot.") 13:7-10, ECF No. 86.

After Plaintiff filed supplemental briefing regarding its attorneys' fees incurred in connection with Plaintiff's first Motion for Contempt, the Court granted Plaintiff's request for attorneys' fees on February 16, 2018 and ordered Defendants to pay Plaintiff $21,815.80 within twenty-one days of the Order. Order re Pl.'s Req. for Att'ys' Fees 4:28-5:5,

---

[1] Plaintiff also filed this Action against Defendants Bud Zukaloff, John Ripley, Todd Hale, and Henry Blum. The Clerk entered default against these defendants on December 4, 2017.

ECF No. 97.  To date, Defendants still have not paid
Plaintiff the fee award or provided a reason for
failing to do so.

On March 27, 2018, Plaintiff filed its Motion for
Further Contempt [103].  On May 10, 2018, the Court
granted in part and denied in part Plaintiff's Motion
for Further Contempt [119].  The Court denied the
Motion in part, noting that Defendants had changed the
four corporations' names and taken down the website at
the time of the ruling.  Order re Pl.'s Mot. for
Further Civil Contempt ("Order re Mot. for Further
Contempt") 11:14-18, ECF No. 119.  However, the Court
granted the Motion for Defendants' failure to pay
attorneys' fees in connection with Plaintiff's first
Motion for Contempt.  Id. at 12:6-9.  The Court also
awarded Plaintiff attorneys' fees incurred in filing
the Motion for Further Contempt.  Id. at 15:3-5.

Plaintiff filed the instant Request [124] on May
18, 2018.  Defendants filed an Opposition [127] on May
25, 2018.  Plaintiff then filed its Reply [137] on June
1, 2018.

## II. DISCUSSION

### A.  Legal Standard

"[A]ttorneys' fees in a civil contempt proceeding
are limited to those reasonably and necessarily
incurred in the attempt to enforce compliance."  Abbott
Labs. v. Unlimited Beverages, Inc., 218 F.3d 1238, 1242
(11th Cir. 2000).  Courts employ the "lodestar method"

to determine the reasonableness of the requested attorneys' fees. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (quotation omitted).

**B. <u>Analysis</u>**

    1. <u>Apportionment</u>

Defendants argue that the Court should apportion the attorneys' fees award, granting fees only for time spent on the successful section of Plaintiff's Motion for Further Contempt—Defendants' failure to pay attorneys' fees awarded in connection with Plaintiff's first Motion for Contempt—and not for time spent on the unsuccessful sections of the Motion—Defendants' failure to change corporate names and Defendants' websites related to the Morrison Knudsen brand. <u>See</u> Defs.' Opp'n to Pl.'s Suppl. Filing ("Opp'n") 2:4-11, ECF No. 127.

The Ninth Circuit has held that "a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." <u>Cabrales v. Cty. of L.A.</u>, 935 F.2d 1050, 1053 (9th Cir. 1991). Further, district courts have granted attorneys' fees for an unsuccessful contempt motion if the motion was necessary to bring a non-compliant

4

party's violations to the court's attention and enforce a court's ruling. See Facebook, Inc. v. Power Ventures, Inc., No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541, at *47 (N.D. Cal. Aug. 8, 2017) (granting attorneys' fees request in full for a contempt motion that was denied in part because, at the time of the motion's filing, the defendant was in violation of a court order as alleged in the contempt motion, making it "necessary to bring [that] failure to the Court's attention"); see also Causey v. U.S. Bank Nat'l Ass'n, No. CV-8-3460-MWF (CWx), 2012 U.S. Dist. LEXIS 189923, at *4 (C.D. Cal. Oct. 17, 2012) (awarding attorneys' fees in connection with unsuccessful application to show cause regarding contempt because the defendant "failed to act on the Ninth Circuit[']s . . . order[,]" thus making "the Motion . . . necessary to the ultimate vindication of [the plaintiff's] rights").

    a. *Corporate Name Changes*

Here, Defendants do not dispute that they were not in compliance with the Court's Preliminary Injunction Order at the time Plaintiff filed its Motion for Further Contempt. Instead, Defendants argue that this section of the Motion was unnecessary because "whenever Defendants were made aware of any deficiency complying with the preliminary injunction, they reacted (albeit not always quickly) to the notice and took appropriate action." Opp'n 5:13-15. However, this argument is not compelling because it was Defendants' delayed responses

that made Plaintiff's Motion for Further Contempt
necessary.  It took six months for Defendants to change
all four corporate names.  This included two separate
five-week delays between the Nevada Secretary of State
rejecting the name change requests and Defendants
filing the subsequent name change requests.  During
this time, Plaintiff met and conferred with Defendants
and even warned that a second contempt motion might be
necessary to induce compliance.  However, Defendants
failed to change all of the corporate names until April
10, 2018, one month after the parties' meeting and two
weeks after Plaintiff filed its Motion for Further
Contempt.  Thus, it was necessary for Plaintiff to
bring this continuous failure to comply to the Court's
attention to induce compliance.  See New England Tech.,
Inc. v. Sigma Tech Sales, Inc., No. 09-61347-CIV, 2011
U.S. Dist. LEXIS 102104, at *4 (S.D. Fla. Sept. 9,
2011) ("[W]hen a party's continued violation of a court
order requires the opposing party to seek enforcement
of the order through a motion for contempt, the
resulting attorneys' fees and costs may be assessed
against the noncomplying party, even if the court
ultimately does not hold that party in contempt.").

      b.  *Website*

     Defendants also do not dispute that they were not
in compliance with the Court's Preliminary Injunction
Order regarding Morrison Knudsen websites prior to the
Court's ruling on Plaintiff's Motion for Further

Contempt.  Instead, Defendants argue that this section
of the Motion was unnecessary because they acted
appropriately and quickly when given notice of their
noncompliance.  Opp'n 5:13-15.  As with Defendants'
argument regarding the corporate name changes, this
argument is unconvincing.  Common sense dictates that
such an egregious violation of the Preliminary
Injunction Order should be brought to the attention of
the Court when it is discovered in the middle of
contempt proceedings.

Further, Defendants' behavior throughout the course
of this litigation gave Plaintiff no reason to believe
that any action short of a declaration to the Court
regarding the website would have induced Defendants to
shut down the website in a timely manner.  See Order re
Mot. for Further Contempt 8:8-10 (noting Defendants'
"inappropriate" delays in complying with the
Preliminary Injunction Order throughout the course of
this Action).  Given Defendants' unwillingness to obey
the Court's Orders in a timely manner,[2] it is clear that

---

[2] Defendants claim that they were unaware of the website's
existence.  Putting aside the Court's suspicion of this claim,
see Order re Mot. for Further Contempt 11:7-11, this claim is
irrelevant to a contempt proceeding, see Henry Schein, Inc. v.
Certified Bus. Supply, Inc., No. SA CV 03-1662 DOC (ANx), 2008 WL
9452685, at *7 (C.D. Cal. Aug. 20, 2008) (regarding a contempt
order, "[defendant is] responsible for all of its employees'
conduct, and it should make sure that methods are firmly in place
to prevent further violations from occurring").  Defendants'
employee was able to quickly take down the website, and
Defendants were under a duty to ensure the website was not
created in the first place.

bringing the website to the Court's attention was
necessary.  See Casale v. Kelly, 710 F. Supp. 2d 347,
367 (S.D.N.Y. 2010) ("[E]ven where a court declines to
issue a citation of contempt for violations of the
court's orders, attorneys' fees and costs may be
recoverable where the 'bringing of the action should
have been unnecessary and was compelled by . . .
unreasonable, obdurate obstinacy.'" (quoting Brown v.
Kelly, 05 Cir. 5442 (SAS), 2007 U.S. Dist. LEXIS 39527,
at *26 (S.D.N.Y May 31, 2007))).

     Accordingly, the Court need not apportion fees
because awarding attorneys' fees for the entirety of
the Motion for Further Contempt is necessary and
justified to compensate Plaintiff for the costs
incurred in bringing Defendants' persistent violations
to the Court's attention.  See Perry v. O'Donnell, 759
F.2d 702, 705 (9th Cir. 1985) (regarding a civil
contempt motion, "the cost of bringing the violation to
the attention of the court is part of the damages
suffered"); see also Henry Schein, 2008 WL 9452685, at
*9 ("[I]t is important that [the defendant] realize the
substantial legal expenses [the plaintiff] has incurred
in order to enforce the Injunction.").

     2.  Reasonableness of Time Spent
     Because the Court has determined no apportionment
of fees is necessary, it must next assess "whether
attorneys for the prevailing party could have
reasonably billed the hours they claim to their private

clients." <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196,
1202 (9th Cir. 2013). In doing so, courts perform an
"'hour-by-hour analysis of the fee request,' and
exclude those hours for which it would be unreasonable
to compensate the prevailing party." <u>Id.</u> (quotation
omitted).

The Court has reviewed Plaintiff's counsel's
billing records, which include the time entries for
drafting the Motion for Further Contempt and the time
spent reviewing and drafting the supplemental
declaration regarding Defendants' website. As
Plaintiff noted in its Request, Defendants filed a
timely Opposition to Plaintiff's Motion for Further
Contempt, unlike in Plaintiff's first Motion for
Contempt, so Plaintiff's counsel spent more time on the
Motion for Further Contempt. Ultimately, the Court
does not see any billing entries that are "excessive,
redundant, or otherwise unnecessary," <u>see</u> <u>Hensley</u>, 461
U.S. at 434, and therefore, the Court finds the 49.3
hours billed to be reasonable.

3. <u>Reasonableness of Rates</u>

Defendants argue that Plaintiff's attorneys'
billing rates are unreasonably high. <u>See</u> Opp'n 9:22-
23. In Plaintiff's first request for attorneys' fees,
the Court held that Plaintiff's rates, "while on the
higher end," were "in line with rates courts in the
Central District have previously approved." Order re
Req. for Att'ys' Fees 4:2-3 (citing <u>Perfect 10, Inc. v.</u>

<u>Giganews, Inc.</u>, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *20 (C.D. Cal. Mar. 24, 2015), <u>aff'd</u>, 847 F.3d 657 (9th Cir. 2017); <u>Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.</u>, No. CV 11-303 PSG (PLAX), 2015 WL 13081297, at *3 (C.D. Cal. Jan. 21, 2015)).

Plaintiff's counsel's rates remain unchanged from when Plaintiff filed its first request for attorneys' fees. Further, there is no reason to believe that those rates are no longer reasonable. Accordingly, the Court finds that the hourly rates are reasonable and consistent with comparable market rates.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Request in full and awards Plaintiff $32,874.00 in attorneys' fees related to Plaintiff's Motion for Further Contempt. Defendants are **ORDERED** to pay Plaintiff the fee award within thirty days of the issuance of this Order.

///
///
///
///
///
///
///
///
///
///

Defendants are also **ORDERED** to pay Plaintiff, within thirty days of the issuance of this Order, the $21,815.80 in attorneys' fees the Court previously awarded Plaintiff in connection with its first Motion for Civil Contempt.[3]

**IT IS SO ORDERED.**


DATED: July 3, 2018          s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

---

[3] Plaintiff requests that the Court reduce both awards to a judgment. However, a judgment in this matter is premature. Plaintiff should be able to collect the awards from Defendants based on this Order.