UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN RIPLEY, et al., <br><br> Defendants. | Case No. CV 17-5398 RSWL (SSx) <br><br> **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** <br><br> **Dkt. No. 162** |

## I.

## INTRODUCTION

On June 27, 2018, the Court granted in part and denied in part Plaintiff's motion to compel further responses to certain discovery requests. (Dkt. No. 154). As relevant here, the Court ordered Defendants to supplement their responses to (1) Interrogatory No. 15, which sought information about Topolewski America's revenue and profits relating to the use of the MK brand; (2) Request for Production No. 19, which sought corporate financial and income statements; and (3) Request for Production No. 20, which sought the corporate Defendants' income tax and bank statements. (Id. at

17-18). Defendants served a joint set of "Further Supplemental Responses" on July 18, 2018, which Plaintiff quickly determined were deficient.[1] Individual Defendant Gary Topolewski served Third Supplemental Responses on July 23, 2018. The next day, July 24, 2018, Plaintiff filed a Motion to Hold Defendants in Civil Contempt for Violating the Court's Order re Discovery and to Award Plaintiff Its Costs and Fees. ("Contempt Motion," Dkt. No. 162). On July 31, 2018, one week after the Contempt Motion was filed, the corporate Defendants served their Third Supplemental Responses to the requests.

On September 7, 2018, the Court granted Plaintiff's Contempt Motion in part and denied it in part. ("Contempt Order," Dkt. No. 210). Specifically, the Court ordered Defendants to serve Fourth Supplemental Responses to Interrogatory No. 15, (id. at 15), and, for the corporate Defendants, Request for Production No. 20. (Id. at 24). The Court denied Plaintiff's Motion with respect to Request for Production No. 19 and the response to Request for Production No. 20 by Topolewski on the ground that the Third Supplemental Responses to those requests satisfied the Court's prior Order. (Id. at 20, 25).

---

[1] Defendants served their first set of supplemental discovery responses in April 2018, before Plaintiff had filed its motion to compel. The dates of service of Defendants' various supplemental discovery responses listed in the paragraph above are taken from the Court's September 7, 2018 Order and the supporting documents cited therein, and will be referred to here without further citation. (See Dkt. No. 210 at 3).

2

The Order also granted Plaintiff's request for attorney's fees with respect to each discovery request. Where the Court ordered a Fourth Supplemental Response, the Court granted the attorney's fees request on the ground that the Motion for Contempt was necessary to obtain a complete and proper response to the discovery request. (See id. at 15, 25). Where the Court determined that Defendants were not presently in contempt because Defendants' Third Supplemental Responses satisfied the Court's prior Order, the Court nevertheless granted the attorney's fees request on the ground that the only reason Defendants provided Third Supplemental Responses was because of the Motion for Contempt. (Id. at 15, 20, 25).

Pursuant to the Court's Order, on September 11, 2018, Plaintiff submitted a Supplemental Filing in Support of Its Costs and Fees Incurred by the Motion for Civil Contempt, ("P Memo."), including the declaration of Yungmoon Chang ("Chang Decl."). (Dkt. No. 213). Defendants filed an Opposition on September 18, 2018. ("Opp.," Dkt. No. 223). Plaintiff's Reply followed on September 21, 2018. ("Reply," Dkt. No. 226). For the reasons stated below, the Court GRANTS Plaintiff's Request in full and awards Plaintiff the $21,716.30 in fees that it incurred in preparing and prosecuting its July 24, 2018 Contempt Motion. (Dkt. No. 162).

\\
\\
\\
\\
\\

## II.

**STANDARD**

Attorneys' fees in a civil contempt or Rule 37 proceeding are generally limited to those reasonably and necessarily incurred in the attempt to enforce compliance. Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co., 281 F. Supp. 3d 967, 993 (C.D. Cal. 2017) (quoting Abbott Labs. v. Unlimited Beverages, Inc., 218 F.3d 1238, 1242 (11th Cir. 2000)). Courts employ the "lodestar method" to determine the reasonableness of the requested attorneys' fees. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal quotation marks and citation omitted); see also Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (same).

The fee applicant must submit evidence of the hours worked and the rates claimed, Hensley, 461 U.S. at 433, and bears the burden of showing that the rates charged and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983). "If the applicant satisfies its burden . . . the resulting product is presumed to be the reasonable fee." Id. (internal quotation marks and citations omitted). To challenge the presumptive reasonableness of the lodestar amount, the party opposing the fee application "has a burden of rebuttal that requires submission of evidence to the district court challenging

4

the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (emphasis added). All hours that are not reasonably expended, or that are excessive or redundant, may be excluded by the court. Hensley, 461 U.S. at 434. The court may also lower counsel's hourly rate if it exceeds the prevailing rate in the legal community where the district court sits. Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

"While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) [abrogated in part on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992)] that have not been subsumed in the lodestar calculation" itself.[2] Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Gates, 987 F.2d at 1402); see also Stetson v. Grissom, 821 F.3d 1157, 1167 (9th Cir. 2016) (remanding for

---

[2] According to the Camacho court, factors potentially warranting an adjustment of the lodestar amount may include "the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases." Camacho, 523 F.3d at 982 n.1 (citing Kerr, 526 F.2d at 70)). These "adjustment" factors are not at issue here, however, because Plaintiff's attorneys do not seek a multiplier of the lodestar amount, and Defendants' attorneys challenge only the hours and rates in the lodestar calculation itself.

explicit analysis of "why the Kerr reasonableness factor do or do not favor applying a multiplier (positive or negative) in this case") (internal quotation marks and citation omitted). Nonetheless, the presumption that the lodestar figure represents a "reasonable fee" is "strong," and "therefore, it should only be enhanced or reduced in 'rare and exceptional cases.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

**III.**

**DISCUSSION**

Plaintiff seeks an attorney's fees award totaling $21,716.30 for fees incurred in connection with the July 24, 2018 Contempt Motion, broken down as follows:

| | | |
|---|---|---|
| Partner Diana Torres: | 06.60 hours @ $892/hr = | $ 5,887.20 |
| Associate Yungmoon Chang: | 23.90 hours @ $554/hr = | $13,240.60 |
| Paralegal Keith Catuara: | 07.75 hours @ $334/hr = | $ 2,588.50 |
| Total | | $21,716.30 |

**A.  Reasonableness Of Rates**

The District Judge has twice awarded attorney's fees to Plaintiff in this action for the cost of bringing other successful contempt motions. (See Order re: Plaintiff's Request for Attorneys' Fees, Dkt. No. 97, at 5-6; Order re: Plaintiff's Request

6

for Attorneys' Fees, Dkt. No. 155, at 9-10). In making the awards, the Court concluded that the exact hourly rates requested here for Torres, Chang and Catuara were reasonable and "in line with rates [that] courts in the Central District have previously approved." (Dkt. No. 97 at 4) (citing Perfect 10, Inc. v. Giganews, Inc., 2015 WL 1746484, at *20 (C.D. Cal. Mar. 24, 2015), aff'd, 847 F.3d 657 (9th Cir. 2017) (approving partner rate between $825 and $930, associate rate between $350 and $690, and paralegal rate between $240 and $345); Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd., 2015 WL 13081297, at *3 (C.D. Cal. Jan. 21, 2015) (approving partner rate of $886.50 and associate rate of $540)).

Despite the District Judge's prior findings, Defendants argue that counsel's rates are excessive and that Plaintiff has failed to meet its burden of production showing that the rates are consistent with the prevailing market rates in the Central District. (Opp. at 2). While Defendants cite several cases for the proposition that declarations of attorneys in the community may be sufficient proof of the reasonableness of counsel's rates, declarations by practitioners are not the exclusive means by which counsel can establish a reasonable hourly rate. (Id.). The Ninth Circuit has expressly held that in addition to declarations of counsel, "'rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.'" Camacho, 523 F.3d at 980 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990)). Here, Perfect 10 and Burton Way Hotels, both cited by Plaintiff in its Supplemental Brief, establish judicial approval of rates almost exactly the same

7

as those requested here, and easily support the finding that the rates requested here are reasonable in the Central District. (See P Memo. at 2).

Plaintiff's counsel's rates remain unchanged from the prior fees awards in this case, and, as the District Judge observed in approving those rates, "there is no reason to believe that those rates are no longer reasonable," even if they may be "on the higher end" of the fee range. (Dkt. No. 155 at 9-10). In the Court's view, Plaintiff's counsel's briefs and argument were excellent, in a relatively complex matter, and deserving of an hourly rate at the higher end of the scale. Accordingly, the Court finds that the hourly rates are reasonable and consistent with comparable market rates in the Central District.

**B.  Reasonableness Of Time Spent**

The Court must next assess "whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). In so doing, courts perform an "'hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party." Id. (quoting Gates, 987 F.2d at 1399). Where the fee application is "massive" and includes non-compensable hours, the district court has the authority "to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as

a practical means" of excluding non-compensable hours from the total fees awarded. Id.

Defendants broadly assert that the amount of hours Plaintiff's counsel billed in connection with the Contempt Motion is excessive. (Opp. at 3). Defendants' contentions are difficult to follow because they are not supported by specific citations to the record, such as the timekeeper name and date on the spreadsheet of time billed to AECOM attached as Exhibit A to Chang's declaration (the "spreadsheet"). However, it appears that Defendants may at least in part be referring to a summary in Chang's declaration of the combined time it took Torres, Chang and Catuara to complete various tasks, such as (1) corresponding and conferring with Defendants prior to filing the Contempt Motion (1.6 hours); (2) researching and drafting the Motion and supporting documents (12.65 hours); (3) reviewing the Opposition and Third Supplemental Discovery Responses, and developing a reply strategy (1.3 hours); (4) researching and drafting the reply brief and supporting declaration (13.0 hours); and (5) preparing for and attending the hearing on the Contempt Motion (7.20 hours). (See Chang Decl. at 2). However, Defendants' critiques overlook that these totals reflect the combined time of two lawyers and one paralegal. Defendants also ignore that tasks were routinely allocated to the lowest appropriate biller.

Defendants further complain, apparently in reference to the spreadsheet, that the 3.7 hours that Plaintiff is claiming for the Contempt Motion hearing and the 2.5 hours for preparation of the

instant supplemental fees memo exceeds the reasonable amount of time those tasks should have taken. (Opp. at 3-4). However, Defendants overlook that the 3.7 hours allocated to the hearing reflect both the associate's preparation time on the day of the hearing and the attendance at the hearing by lead counsel and the associate, both of whom participated in the proceedings. The 2.5 hours allocated to the preparation and filing of the supplemental fees motion similarly combine the time spent by lead counsel, the associate and the paralegal to assemble the supporting materials and to draft and file the memorandum and declaration. The Court does not see any billing entries that are "excessive, redundant, or otherwise unnecessary," and therefore finds the total hours billed, as allocated among the lead counsel, associate, and paralegal, to be reasonable. Hensley, 461 U.S. at 434.

**IV.**

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Request in full and awards Plaintiff $21,716.30 in attorney's fees for work done on the July 24, 2018 Contempt Motion, filed at Dkt. No. 162. Defendants are ORDERED to pay Plaintiff the fee award within thirty days of the date of this Order.

DATED: October 9, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE