Diana M. Torres (SBN 162284)
diana.torres@kirkland.com
Yungmoon Chang (SBN 311673)
yungmoon.chang@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff
AECOM ENERGY &
CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY TOPOLEWSKI, *et al.*,<br><br>Defendants. | CASE NO. 2:17-cv-05398-RSWL(SSx)<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT**<br><br>Complaint Filed Date: July 21, 2017<br><br>Judge:         Hon. Ronald S. W. Lew<br>Hearing Date: December 11, 2018<br>Time:          10:00 AM<br>Courtroom:   1 |

I. **INTRODUCTION**

On July 21, 2017, AECOM filed suit against John Ripley, Todd Hale, Gary Topolewski, Henry Blum, Bud Zukaloff, Morrison Knudsen Corporation, Morrison-Knudsen Company, Inc., Morrison-Knudsen Services, Inc., and Morrison-Knudsen International Inc. for false designation of origin/affiliation/ passing off, false advertising, cyberpiracy, California common law unfair competition, California statutory unfair competition, California statutory false advertising, and petition for cancellation of a registered mark. AECOM alleged in the Complaint that Defendants were fraudulently posing as the iconic Morrison Knudsen ("MK"), including by falsifying corporate records, submitting false statements to federal and state government agencies, and offering goods and services to the public under the MK name.

Defendants Ripley, Hale, Blum, and Zukaloff were served no later than August 29, 2017. *See* Dkt. 42 (Declaration of Diana M. Torres in Support of AECOM's Service on Defendants Zukaloff, Ripley, Hale and Blum Pursuant to FRCP 4 and Cal. Code Civil Proc. 415.20; and Supporting Proofs of Service) ¶¶ 3–12. Pursuant to Fed. R. Civ. P 12(a), Defendants Ripley, Hale, Blum, and Zukaloff had until September 19, 2017 to respond to the Complaint.

None of Defendants Ripley, Hale, Blum, or Zukaloff responded to the Complaint. Indeed, none of Defendants Ripley, Hale, Blum, or Zukaloff have ever appeared personally or by a representative. Defendants Ripley, Hale, Blum, and Zukaloff having "failed to plead or otherwise defend," this Court entered Default against Defendants Ripley, Hale, Blum, and Zukaloff on December 4, 2017. Dkt. 77.

II. **DEFENDANTS RIPLEY, HALE, BLUM, AND ZUKALOFF HAVE ALL BEEN INVOLVED IN CORPORATE DEFENDANTS' FRAUDULENT SCHEME.**

According to publicly-available documents, Defendants Ripley, Hale, Blum, and Zukaloff are or were each officers, directors, or employees of the Corporate

1

Defendants at least as far back as four years ago, and thus do not appear to be minors. *See, e.g.*, Dkt. 19-1 at 48 (Todd Hale revived Morrison-Knudsen Services, Inc., listing Todd Hale as President, Henry Blum as Vice-President, and John Ripley as Secretary); *id.* at Dkt. 19-3 at 21 (Bud Zukaloff signed a Certificate of Amendment to change the name of E Planet Communications Inc. to Morrison Knudsen International Inc.).

### A.     Defendant John Ripley

Defendant John Ripley has been involved with the fraudulent actions of Corporate Defendants. Defendant Gary Topolewski identified Ripley's involvement with the inception and operation of at least some of the Corporate Defendants. *See* Declaration of Diana M. Torres ("Torres Decl.") at ¶ 3, Ex. A at 88:2-8 (identifying Mr. Ripley as someone he spoke with as an employee of Morrison Knudsen Services); *id.* at 94:24-95:2 (stating that he knew of John Ripley as an employee of Morrison Knudsen Services); *id.* at 116:14-24 (stating Mr. Ripley was a director of Morrison Knudsen Services).

### B.     Defendant Todd Hale

Defendant Todd Hale has been involved with the fraudulent actions of Corporate Defendants. Defendant Gary Topolewski identified Hale's involvement with the inception and operation of each of Corporate Defendants. *See* Torres Decl. at ¶ 3, Ex. A at 88:10-15 (identifying Mr. Hale took over as President of Morrison Knudsen Services "maybe in 2009"); *id.* at 91:5-12 (Topolewski testifies he knew Todd Hale in connection with corporate defendants); *id.* at 199:3-6 (confirming Hale was identified by Morrison Knudsen Services while Topolewski was President). Forms submitted on behalf of Corporate Defendants to the United States Patent and Trademark Office also show Hale's involvement. Dkt. 14 (Declaration of Annette Bottaro-Walklet) at ¶¶ 4-6, Ex. F (Todd Hale submitted change of address forms for AECOM's Reg. Nos. 1,716,505 and 1,744,815).

### C. Defendant Henry Blum

Defendant Henry Blum has been involved with the fraudulent actions of Corporate Defendants. Defendant Gary Topolewski identified Blum's involvement with the inception and operation of each of Corporate Defendants. *See* Torres Decl. at ¶ 3, Ex. A at 23:18-24:23 (stating Mr. Blum monitored the email address info@morrison-knudsen.com and that Topolewski had known Blum sixteen years); *id.* at 25:19-26:26:11 (stating Mr. Blum contacted him stating that "some people he knew were revising Morrison Knudsen"); *id.* at 33:11-25 (stating that last September, he discussed the current lawsuit with Mr. Blum); *id.* at 67:15-21 (stating that as far as he knows, Mr. Blum was the only person with the ability to monitor info@morrison-knudsen.com); *id.* at 82:17-83:4 (stating Blum had initially approached him to get a contractor's license for Morrison Knudsen Services); *id.* at 86:25-86:3 (stating Mr. Blum as an employee of Morrison Knudsen Services); *id.* at 96:13-18 (stating that as President of Morrison Knudsen International, he corresponded with Mr. Blum, who was associated with Morrison Knudsen Services); *id.* at 99:6-16 (stating Mr. Blum told him Morrison Knudsen Company was formed to do infrastructure work); *id.* at 125:20-127:10 (stating he revived Morrison Knudsen Corporation of Vietnam "on behalf of Henry Blum").

### D. Defendant Bud Zukaloff

Defendant Bud Zukaloff has been involved with the fraudulent actions of Corporate Defendants. Defendant Gary Topolewski identified Zukaloff's involvement with the inception and operation of each of Corporate Defendants. *See* Torres Decl. at ¶ 3, Ex. A at 114:11-25 (stating he spoke with Zukaloff regarding this lawsuit when it was filed); *id.* at 235:18-25 (stating it was fair to say Mr. Zukaloff was involved with Corporate Defendants). Forms submitted on behalf of Corporate Defendants to the United States Patent and Trademark Office also show Zukaloff's involvement. Dkt. 14 (Declaration of Annette Bottaro-Walklet) at ¶¶ 4-7, Ex. G (Bud Zukaloff submitted a document to the United States

Patent and Trademark Office purporting to assign AECOM's Reg. No. 1,744,815 from AECOM's predecessor to Morrison Knudsen Corporation).

### III. CONCLUSION

Because Defendants Ripley, Hale, Blum, and Zukaloff have had default entered against them, and because unrefuted evidence demonstrates their involvement in Corporate Defendants' fraudulent scheme, AECOM respectfully requests that this Court enter default judgment against each defaulting Defendant in the amount of Defendants' net profits from their infringement, *i.e.*, revenue claimed in Defendants' press releases, less Defendants' costs and expenses for 2013–2016. The amount is set forth in AECOM's Motion for Summary Judgment and for Permanent Injunction (Dkt. 176 at at 32:15–33:13; Dkt. 177 at ¶¶ 26, 27; Dkt. 178 ¶¶ 15–18, Exs. M–P) and is based on the evidence and for the reasons set forth therein.

DATED: November 9, 2018                 Respectfully submitted,

                                        */s/ Diana M. Torres*
                                        Diana M. Torres

                                        *Attorney for Plaintiff*
                                        AECOM ENERGY &
                                        CONSTRUCTION, INC.