'O'

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12   AECOM ENERGY &                  CV17-5398-RSWL-AGRx
     CONSTRUCTION, INC.,
13                                   **ORDER re:**
              Plaintiff,             **PLAINTIFF'S**
14                                   **SUPPLEMENTAL BRIEFING**
         v.                          **TO ESTABLISH ATTORNEYS'**
15                                   **FEES**
16   GARY TOPOLEWSKI, et al.,

17           Defendants.

18

19        Plaintiff AECOM Energy & Construction, Inc.

20   ("AECOM") brought this Action for injunctive relief and

21   damages against Defendants Morrison Knudsen Corporation;

22   Morrison-Knudsen Company, Inc.; Morrison-Knudsen

23   Services, Inc.; Morrison-Knudsen International, Inc.

24   (collectively, "Corporate Defendants"); and Gary

25   Topolewski ("Defendant Topolewski") (collectively,

26   "Defendants").  The Action arises out of Defendants'

27   infringing use of the identity and goodwill of Morrison

28   Knudsen Corporation ("MK IP" or "MK brand"), which AECOM

1

owns the rights to.

Currently before the Court is a supplemental briefing ("Supplement") [419] filed by AECOM to establish the amount of attorneys' fees pursuant to this Court's Order granting AECOM's Motion for Sanctions [417].  AECOM seeks $387,902.40 in post-remand attorneys' fees in addition to $873,628.02 that was previously awarded for the initial phase of this litigation.  Having reviewed all papers submitted pertaining to the Supplement, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court reduces AECOM's post-remand attorneys' fees to **$372,473.60** and affirms its previous attorneys' fees award of **$873,628.02,** thus awarding AECOM a total of **$1,246,101.62** in attorneys' fees.

### I.    BACKGROUND

**A.    Factual Background**

The facts underlying this Action are stated at length in this Court's previous Order granting AECOM's Motion for Summary Judgment and Permanent Injunction. See generally Order re: Pl.'s Mot. for Summ. J., ECF Nos. 242, 243.  Moreover, the facts giving rise to this Supplement are stated in this Court's previous Order granting AECOM's Motion for Sanctions, where the Court granted AECOM's request for attorneys' fees and costs and ordered AECOM to provide supplemental briefing to establish the amount of such fees and costs.  See generally Order re: Pl.'s Mot. for Sanctions, ECF No. 417.  Because the facts are well-known to the parties,

1 the Court need not restate them here.

2 **B.   Procedural Background**

3    On November 8, 2018, this Court granted [242, 243]

4 AECOM's Motion for Summary Judgment against Defendants,[1]

5 finding willful infringement of the MK brand and

6 awarding AECOM $1,802,834,672 ("$1.8 billion") in

7 damages.[2]  On February 21, 2019, Defendants filed a

8 Motion for Alteration, Amendment, or Reconsideration

9 [268] of the Court's Order granting AECOM's Motion for

10 Summary Judgment, which the Court denied [305] on April

11 24, 2019.  Also on April 24, 2019, the Court granted

12 AECOM's Motion to Set Attorneys' Fees [262] and awarded

13 AECOM $873,628.02 in attorneys' fees [305].

14    Defendants appealed the $1.8 billion damages award,

15 which the Ninth Circuit reversed and remanded to this

16 Court [339] on March 24, 2021.[3]  Following remand, this

---

[1] AECOM also named four additional individual defendants in its Complaint: Bud Zulakoff, John Ripley, Todd Hale, and Henry Blum (collectively, "Defaulting Defendants").  See generally Compl., ECF No. 1.  On December 4, 2017, the court clerk entered default as to these four individuals.  See generally Default by Clerk.  On November 9, 2018, AECOM filed a Motion for Default Judgment against Defaulting Defendants.  See generally Mot. for Default J., ECF No. 244.  On January 24, 2019, the Court granted AECOM's motion, finding Defaulting Defendants jointly and severally liable for AECOM's damages.  See generally Order re: Mot. for Default J.

[2] The Court also granted AECOM's request for a permanent injunction, ordering Defendants to cease their use of the MK IP, and awarded AECOM its attorneys' fees.  See Order re: Pl.'s Mot. for Summ. J. 45:5-55:8.

[3] Defendants also argued on appeal that AECOM lacked Article III standing, which the Ninth Circuit rejected.  See Ninth Cir. Mem. at 2-3, ECF No. 339.

3

1  Court reopened discovery on damages.

2      On December 16, 2021, Defendants filed Motions for
3  Summary Judgment [395, 396], arguing that AECOM could
4  not prove that Defendants profited from their
5  infringement scheme.  On December 17, 2021, AECOM filed
6  a Motion for Sanctions [398], requesting evidentiary
7  sanctions, terminating sanctions, and monetary
8  sanctions.  On February 24, 2022, this Court granted in
9  part and denied in part [417] AECOM's Motion for
10  Sanctions and denied [417] Defendants' Motions for
11  Summary Judgment.  Specifically, this Court: (1) granted
12  AECOM's request for evidentiary sanctions and deemed as
13  true that Defendants performed and collected on a $36
14  million construction contract; (2) granted AECOM's
15  request for terminating sanctions and entered default
16  judgment against Defendants in the amount of $36
17  million; (3) denied AECOM's requests for compensatory
18  and coercive sanctions; and (4) granted AECOM attorneys'
19  fees and costs in an amount to be established by
20  supplemental briefing.[4]  On March 14, 2022, AECOM filed
21  the instant Supplement [419] and lodged its Proposed
22  Final Judgment [420].  On March 21, 2022, Defendant
23  Topolewski objected [422] to the Proposed Final
24  Judgment, taking issue with the requested attorneys'
25  fees amount.

26  ///

---

27      [4] The Court also bound Defaulting Defendants to this Order.
28  See generally Order re: Mot. for Sanctions, ECF No. 417.

1          **II.   DISCUSSION**

2     **A.   <u>Legal Standard</u>**

3          "Attorneys' fees can be recovered only to the

4     extent they are reasonable."  <u>SAS v. Sawabeh Info.</u>

5     <u>Servs. Co.</u>, No. CV1104147MMMMANX, 2015 WL 12763541, at

6     *4 (C.D. Cal. June 22, 2015) (citing <u>In re SNTL Corp.</u>,

7     F.3d 826, 842 (9th Cir. 2009)).  Courts routinely use

8     the lodestar method to determine the reasonableness of

9     attorneys' fees.  <u>See</u> <u>Christensen v. Stevedoring Servs.</u>

10    <u>of Am.</u>, 557 F.3d 1049, 1053 (9th Cir. 2009); <u>City of</u>

11    <u>Burlington v. Dague</u>, 505 U.S. 557, 562 (1992) ("[T]he

12    'lodestar' figure has . . . become the guiding light of

13    [the court's] fee-shifting jurisprudence.").  The

14    lodestar figure is calculated by multiplying the hours

15    reasonably spent on the litigation by a reasonable

16    hourly rate.  <u>See, e.g.</u>, <u>Gonzalez v. City of Maywood</u>,

17    729 F.3d 1196, 1202 (9th Cir. 2013).

18    **B.   <u>Discussion</u>**

19         AECOM seeks $387,902.40 in attorneys' fees incurred

20    after remand from the Ninth Circuit, in addition to the

21    previous award of $873,628.02, for a total of

22    $1,261,530.42 in attorneys' fees.  Proposed Amen. Final

23    J. 2:7-14, ECF No. 420-1.  Defendant Topolewski takes

24    issue with the requested fee award, objecting to both

25    the reasonableness of the hours expended by AECOM's

26    counsel and the reasonableness of the rates charged.

27    <u>See</u> <u>generally</u> Topolewski Objections to Proposed Amen.

28    Final J. ("Topolewski Objs."), ECF No. 422.  The Court

examines the reasonableness of the hours expended by
AECOM's counsel and the reasonableness of the rates
charged in turn below.

    1.  Reasonable Hours

    Defendant Topolewski appears to argue that AECOM
cannot recover attorneys' fees for time spent on the
unsuccessful stages of this litigation.  See generally
Topolewski Objs.  Namely, Defendant Topolewski argues
that AECOM cannot recover fees for certain work because:
(1) Magistrate Judge Rosenberg granted Defendant
Topolewski's motion for protective order and therefore
prevented AECOM from compelling third-party discovery
regarding Defendant Topolewski; and (2) the Ninth
Circuit reversed AECOM's $1.8 billion damages award.
Id.  Defendant Topolewski is mistaken, however.

    AECOM can, indeed, recover attorneys' fees for
hours spent on the stages of this litigation that were
not fruitful.  Federal jurisprudence in this area is
clear, stating that plaintiffs may, and should, recover
attorneys' fees for the unsuccessful stages of
litigation if those stages contributed to the ultimate
victory of the lawsuit.  See Cabrales v. Cty. of Los
Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991) (citing
Hensley v. Eckerhart, 461 U.S. 414 (1983)) ("Rare,
indeed, is the litigant who doesn't lose some skirmishes
on the way to winning the war.  Lawsuits usually involve
many reasonably disputed issues and a lawyer who takes
on only those battles he is certain of winning is

6

1  probably not serving his client vigorously enough;

2  losing is part of winning."); <u>see</u> <u>also</u> <u>Hensley</u>, 461 U.S.

3  at 435 ("Where a plaintiff has obtained excellent

4  results, his attorney should recover a fully

5  compensatory fee . . . encompass[ing] all hours

6  reasonably expended on the litigation . . . . [T]he fee

7  award should not be reduced simply because the plaintiff

8  failed to prevail on every contention raised in the

9  lawsuit.").

10     Though unsuccessful, AECOM's efforts in litigating

11  the third-party subpoenas and the $1.8 billion damages

12  award were essential to its ultimate success in securing

13  terminating sanctions.  The Court reminds Defendant

14  Topolewski that it is due to his collective failure with

15  Corporate Defendants to provide financial discovery that

16  AECOM had to litigate the $1.8 billion damages award,

17  serve third-party discovery requests, and move for

18  terminating sanctions in the first place.  Yet,

19  unabashedly, Defendant Topolewski asks this Court to

20  carve out AECOM's litigation failures in calculating the

21  attorney's fees.  The Court will do no such thing.

22  <u>Cabrales</u>, 935 F.2d at 1053 ("[Defendant] would have us

23  scalpel out attorney's fees for every setback, no matter

24  how temporary, regardless of its relationship to the

25  ultimate disposition of the case.  This makes little

26  sense.").

27     Accordingly, AECOM is entitled to attorneys' fees

28  expended on the third-party discovery requests,

including time spent unsuccessfully opposing Defendant Topolewksi's Motion for Protective Order, and time spent litigating the $1.8 billion damages award that was ultimately overturned by the Ninth Circuit.  See Pierce v. Cty. of Orange, 905 F. Supp. 2d 1017, 1032 (C.D. Cal. 2012) (citing Cabrales, 935 F.2d at 1053; O'Neal v. City of Seattle, 66 F.3d 1064, 1069 (9th Cir. 1995)) ("[T]ime spent unsuccessfully opposing motions or requests on the way to prevailing in a case may be compensable."); see also Cabrales, 935 F.2d at 1053 (awarding attorneys' fees to plaintiff even though judgment was vacated by the Supreme Court because plaintiff ultimately won her case on remand).

To be clear, the Court notes that AECOM may only recover attorneys' fees for hours *reasonably* expended. See Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 434) ("A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'").  Looking at the billing statement submitted by AECOM, the Court finds that the 5.7 hours billed by legal assistants for trial preparation are somewhat unreasonable.  See Declaration of Yungmoon Chang ("Chang Decl.") 2:8, ECF No. 419-1.  While some trial preparation was necessary, including researching the Court's trial procedures and preparing the stipulation to continue trial, the Court finds that such

1  work could have been completed in 3.7 hours.

2  Accordingly, the Court reduces the hours billed by legal

3  assistants for trial preparation by two hours.  See

4  Gonzalez, 729 F.3d at 1202 (noting that courts may

5  perform an "hour-by-hour analysis" of attorneys' fees

6  requests and "exclude those hours for which it would be

7  unreasonable to compensate the prevailing party").  The

8  Court reduces these hours based on Senior Paralegal

9  Keith Catuara's hourly rate because Mr. Catuara

10  performed most of the trial preparation work.  The Court

11  otherwise finds that the hours expended on this

12  litigation post-remand by AECOM's counsel are

13  reasonable.

14      2.  Reasonable Rates

15      Reasonable hourly rates are calculated according to

16  the "prevailing market rates in the relevant legal

17  community for similar services by lawyers of reasonably

18  comparable skill, experience, and reputation." Valentin

19  v. Grant Mercantile Agency, Inc., 2017 WL 6604410, at *9

20  (E.D. Cal. Dec. 27, 2017) (citing Blum v. Stenson, 465

21  U.S. 886, 895 (1984)).  The relevant legal community is

22  the forum in which the district court sits.  Carson v.

23  Billings Police Dep't, 470 F.3d 889, 891 (9th Cir.

24  2006).  In determining whether rates are reasonable,

25  "[t]he Court [may] also draw[] on precedent from other

26  courts, its knowledge of the prevailing community rates,

27  and its evaluation of the quality of the work performed

28  by counsel. Toyo Tire & Rubber Co. Ltd v. Hong Kong

1   <u>Tri-Ace Tire Co.</u>, No. SACV1400054CJCJPRX, 2018 WL
2   702851, at *3 (C.D. Cal. Jan. 24, 2018) (citation
3   omitted).
4       AECOM's billing statement reflects that the
5   following hourly rates were charged in 2021:
6
7    Diana Torres (lead partner)                $1,116/hour
8
9    Yungmoon Chang (senior associate)          $876/hour
10
11   Maria Beltran (midlevel associate)         $656/hour
12
13   Adrineh Shakelian (first year associate)   $550/hour
14
15   Keith Catuara (senior paralegal)           $396/hour
16
17   Thomas Ambrus (junior paralegal)           $251/hour
18
19   Hector Alejandro (junior paralegal)        $226/hour
20
21       While these rates have increased since the Court
22   last granted AECOM attorneys' fees in 2018, they remain
23   within or minimally above market range.  <u>See</u> <u>Univ.</u>
24   <u>Elecs., Inc. v. Univ. Remote Control, Inc.</u>, 130 F. Supp.
25   3d 1331, 1337 (C.D. Cal. 2015) (noting intellectual
26   property partners at major law firms bill in the range
27   of $600 to $1,100 per hour); <u>see</u> <u>also</u> <u>Perfect 10, Inc.</u>
28   <u>v. Giganews, Inc.</u>, No. CV 11-07098-AC SHX, 2015 WL

1746484, at *20 (C.D. Cal. Mar. 24, 2015) (noting that attorney rates ranging from $390 to $1,002.96 per hour and paralegal rates between $240 and $345 per hour were reasonable for the Los Angeles area).  As such, the rates here are reasonable and the Court rejects Defendant Topolewski's unsupported and unpersuasive arguments to the contrary.

### 3. Lodestar Calculation

As stated above, the Court reduces the hours billed by legal assistants by two hours according to Mr. Catuara's hourly rate of $396/hour.  The Court also notes that there were several errors in the table provided in the Chang Declaration where the amounts charged did not correspond to the hours billed.  See, e.g., Chang Decl. 2:1-10 (stating that Diana Torres charged $1505 for one hour of trial work, when Ms. Torres' fee is $1,116 per hour).  After an extensive analysis of the billing sheet submitted by AECOM's counsel, the accurate lodestar calculation is as follows:[5]

///

///

///

---

[5] AECOM did not provide hourly rates for work done by Mark Malone, Daniel Shin, La Tonya D., Stephanie Rosa, or Library Factual.  See generally Ex. A ("Billing Statement"), ECF No. 419-2.  As such, the Court calculates their hourly rates based on the billing statement submitted by AECOM's counsel.  See id.

| | | |
|---|---|---|
| 1 | Diana Torres | 51.8 hours @ $1,116/hour |
| 2 | | = $57,808.80 |
| 3 | | |
| 4 | Yungmoon Chang | 202.9 hours @ $876/hour |
| 5 | | = $177,740.40 |
| 6 | | |
| 7 | Maria Beltran | 36.2 hours @ $656/hour |
| 8 | | = $23,747.20 |
| 9 | | |
| 10 | Adrineh Shakelian | 106.1 hours @ $550/hour |
| 11 | | = $58,335.00 |
| 12 | | |
| 13 | Keith Catuara | 117.5 hours – 2 hours = |
| 14 | | 115.5 hours @ $396/hour |
| 15 | | = $45,738.00 |
| 16 | | |
| 17 | Thomas Ambrus | 11.1 hours @ $251/hour |
| 18 | | = $2,786.10 |
| 19 | | |
| 20 | Hector Alejandro | 13 hours @ $226/hour |
| 21 | | = $2,938.00 |
| 22 | | |
| 23 | Mark Malone | 1.8 hours @ $374/hour |
| 24 | | = $673.20 |
| 25 | | |
| 26 | Daniel Shin | 0.5 hours @ $361/hour |
| 27 | | = $180.50 |
| 28 | | |

| | |
|---|---|
| La Tonya D. | 4.6 hours @ $308/hour<br>= $1,416.80 |
| Stephanie Rosa | 1.7 hours @ $229/hour<br>= $389.30 |
| Library Factual | 2.1 hours @ $343/hour<br>= $720.30 |
| **TOTAL** | **$372,473.60** |

Given the lodestar amount, the Court reduces the post-remand attorneys' fees sought by AECOM from $387,902.40 to **$372,473.60** and affirms its previous attorneys' fees award of **$873,628.02**, reflecting a total of **$1,246,101.62**.

///
///
///
///
///
///
///
///
///
///
///

### III.   CONCLUSION

Based on the foregoing, the Court awards AECOM **$372,473.60** in attorneys' fees incurred after remand from the Ninth Circuit.  The Court also affirms its previous attorneys' fees award of **$873,628.02.**  As such, the cumulative total of attorneys' fees awarded to AECOM is **$1,246,101.62.**  The Court will amend AECOM's Proposed Final Judgment to reflect as much.


**IT IS SO ORDERED.**

/s/ Ronald S.W. Lew

DATED: May 9, 2022  _____

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge